Michele Ballard Miller (SBN 104198)
  *mbmiller@cozen.com*
Austin G. Dieter (SBN 305638)
  *adieter@cozen.com*
COZEN O'CONNOR
101 Montgomery Street, Suite 1400
Fresno, CA 94104
Telephone: (415) 644-0914
Facsimile: (415) 644-0978

Attorneys for Defendant
CARGILL MEAT SOLUTIONS
CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELFINA SOTO DE CORTES, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CARGILL MEAT SOLUTIONS CORPORATION, a corporation and DOES 1-10, Inclusive, <br><br> Defendants. | Case No.: <br><br> **NOTICE OF REMOVAL OF ACTION FROM STATE COURT PURUSANT TO DIVERSITY JURISDICTION UNDER 28 U.S.C § 1441(b)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446, Defendant CARGILL MEAT SOLUTIONS CORPORATION ("Defendant"), a Delaware corporation with its principal place of business in Wichita, Kansas, at 151 North Main Street, hereby removes the above-captioned action from the Superior Court of the State of California, County of Fresno, to the United States District Court for the Eastern District of California on the following grounds.

## I.     INTRODUCTION AND PROCEDURAL HISTORY

1.     This Court has original jurisdiction over this action under the diversity jurisdiction statute. 28 U.S.C. § 1332. In relevant part, diversity jurisdiction grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C § 1332. As set forth below, this case meets all of the diversity jurisdiction statutory requirements for removal and is timely and properly removed by the filing of this Notice.

2.     On November 24, 2020, an action was commenced in the Superior Court of the State of California in and for the County of Fresno, entitled *DELFINA SOTO DE CORTES, Plaintiff, v. CARGILL MEAT SOLUTIONS CORPORATION, a corporation, and DOES 1-10, Defendants*, as case number 20CECG03464 ("Complaint"). The Complaint alleged the following nine causes of action: 1) Disability discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); 2) Failure to accommodate; 3) Failure to engage in interactive process; 4) Retaliation in violation of the FEHA; 5) Wrongful termination in violation of public policy; 6) Violation of Labor Code § 1102.5; 7) Violation of Labor Code §201; 8) Violation of

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

Labor Code §203; and 9) Failure to allow inspection of personal file. A true and correct copy of the Summons and Complaint is attached to the Declaration of Austin Dieter as **Exhibit A**.

3. On December 9, 2020, Plaintiff Delfina Soto De Cortes ("Plaintiff"), mailed a copy of the summons and complaint to the Defendant pursuant to California Code of Civil Procedure section 415.30 along with a Notice and Acknowledgment of Receipt. On December 28, 2020, in compliance with Section 415.30, Defendant signed the Notice of Acknowledgment of Receipt, thereby starting the 30 day period in which Defendant could Answer. A true and accurate copy of the Notice and Acknowledgment of Receipt is attached to the Declaration of Austin Dieter as **Exhibit B**.

4. On January 22, 2021, Defendant filed an Answer to Plaintiff's Complaint in the Fresno County Superior Court. A true and correct copy of Defendant's Answer has been attached to the Declaration of Austin Dieter as **Exhibit C.**

5. The instant Notice of Removal has been timely filed, having been filed within 30 days after Defendant's acknowledgement of receipt of a copy of Plaintiff's civil Complaint setting forth removable claims. 28 U.S.C. § 1446(b).

## II.     DIVERSITY JURISDICTION

6. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332, which provides that the federal district courts have original jurisdiction in actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between - (1) citizens of different states." Accordingly, this action may be removed pursuant to 28 U.S.C. § 1441(b) because the amount in controversy exceeds $75,000 and Plaintiff and Defendant are citizens of different states.

**A.  Diversity Jurisdiction Exists Because Plaintiff And Defendant Are Citizens Of Different States.**

7. This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1). For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Upon information and belief, Plaintiff is a resident of California. (See Ex. A, ¶ 1 ("Plaintiff . . . is an individual who, at all times herein, worked in the City of Fresno, State of California.").) As such, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

8. A corporation is a citizen of the state where (i) it has been incorporated; and where (ii) its principal place of business is located. 28 U.S.C. § 1332(c). The principal place of business for a corporation is determined by the location of its "nerve center," which includes the location of its headquarters and the location where its "officers direct, control and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

9. Defendant is incorporated in the state of Delaware and its principal place of business is in Wichita, Kansas where its headquarters is located at 151 North Main Street, Wichita, KS 67202. (Decl. of Les Iceton, at ¶ 6.) Therefore, it is a citizen of both Delaware and Kansas.

10. As such, Plaintiff and Defendant are completely diverse of citizenship and the citizenship prong of the diversity jurisdiction requirements is met.

**B.  Diversity Jurisdiction Exists Because The Amount In Controversy Exceeds $75,000.**

11. For purposes of jurisdiction under 28 U.S.C. § 1332, the sum demanded in the complaint shall be deemed to be the amount in controversy, but in instances where the complaint does not specify an amount in controversy, the defendant may assert that it exceeds the

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

threshold if state practice "permits recovery of damages in excess of the amount demanded." *See* 28 U.S.C. § 1446(c)(2)(A)(ii).

12. Though Plaintiff's state court Complaint does not specify a particular amount of damages in the prayer for relief, it is clear from the body of the Complaint that she will seek over $75,000. (*See generally,* Ex. A.) Plaintiff is explicitly seeking to recover compensatory damages in the form of lost wages and benefits, and emotional distress "in excess of $50,000". (Ex. A, p. 15.) Plaintiff also seeks an additional $1,980 in unpaid vacation hours and penalties for violations of state labor code claims (*Id*.) These amounts, combined with Plaintiff's purported non-economic and punitive damages, as discussed in paragraphs 13-15 below, establish an amount in controversy in excess of $75,000.

13. When the amount in controversy is not definite from the face of the Complaint, in order to prevent removal of an action based on diversity jurisdiction, a plaintiff must file a binding stipulation or affidavit with his or her Complaint stating that the amount in controversy does not exceed $75,000. *DeAguilar v. Boeing,* 47 F.3d 1404, 1412 (5th Cir. 1992) (per curium). Plaintiff did not file any such stipulation or affidavit with her Complaint. In any event, it is apparent from the allegations in the Complaint and the damages that Plaintiff seeks that the amount in controversy exceeds $75,000.

14. Notwithstanding the above, Plaintiff's non-economic damages alone could easily exceed $75,000. For example, in *Roby v. Mckesson Corp*., 47 Cal. 4th 686, 699 (2009), the plaintiff alleged similar causes of action as Plaintiff does here, including claims under California's Fair Employment and Housing Act ("FEHA") and a claim for wrongful termination. The jury awarded the plaintiff $800,000 in non-economic past and future damages for her FEHA discrimination and wrongful termination claims, plus $15 million in punitive damages. *Id*.; *see also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (denying

plaintiff's motion to remand where plaintiff was only employed for four months and noting, notwithstanding plaintiff's short-term employment, "emotional distress damages in a successful employment discrimination case may be substantial.").

15. Finally, Plaintiff seeks punitive damages. Punitive damages are a part of the amount in controversy in a civil action where they are recoverable as a matter of law. *See Simmons*, 209 F. Supp. 2d at 1033; *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). To establish probable punitive damages for the purposes of satisfying the amount in controversy requirement, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *Simmons*, 209 F. Supp. 2d at 1033. In the *Roby* case above, the jury awarded over $15 million in punitive damages, which the Court of Appeal reduced to $2 million. The California Supreme Court subsequently reduced the award to $1,905,000.00 to satisfy federal Constitutional constraints. *Roby*, 47 Cal. 4th at 720. Thus, even with that reduction, the punitive damages award far exceeded $75,000.00. Other cases alleging wrongful termination in violation of public policy and violations of the FEHA, like this case, have resulted in substantial awards of punitive damages. *See, e.g., Simmons*, 209 F. Supp. 2d at 1033 (citing punitive damages awards ranging from $60,000 to $40,000,000). Here, as in *Roby*, Plaintiff has alleged she was discriminated against because of a protected characteristic. Thus, those cases provide evidence that the potential value of Plaintiff's claim for punitive damages meets the jurisdictional threshold by itself, and especially satisfies the jurisdictional threshold when combined with Plaintiff's claims for economic damages, and non-economic damages.

16. In sum, the amount in controversy exceeds the minimum sum of $75,000.00 set forth in 28 U.S.C. § 1332(a), exclusive of interest and costs. *See Vasquez v. Arvato Digital Services, LLC*, Case No. CV 11-02836, 2011 WL 2560261 (C.D. Cal. June 27, 2011) (denying plaintiff's motion to remand where plaintiff's lost wages were approximately $25,171 at the time

of removal and plaintiff's alleged damages included lost wages, emotional distress damages, attorneys' fees, and punitive damages).

### III.  VENUE

17.  Federal law permits removal in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A defendant may remove an action "to the district court of the Unites States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

18.  As stated above, the U.S. District Courts have original jurisdiction in this matter. This action is currently pending in state court in the County of Fresno. Fresno is located within the Eastern District of California. *See* 28 U.S.C. §84(a). Therefore, this matter is properly removed to the Eastern District of California.

### IV.  NOTICE TO PLAINTIFF AND THE SUPERIOR COURT

19.  Written Notice of the Removal of this action to the United States District Court for the Eastern District of California will be filed with the Clerk of the Superior Court for the County of Fresno, and sent via First Class U.S. Mail to Plaintiff through her attorney of record. A true and correct copy of the Notice to Superior Court and to Adverse Party of Removal of Action to Federal Court is attached to the Declaration of Austin Dieter and incorporated herein as **Exhibit D**.

20.  This Notice of Removal is filed subject to and without prejudice to Defendant's full reservation of all rights and remedies. No admission of fact, law or liability is

COZEN O'CONNOR
101 MONTGOMERY ST., SUITE 1400
SAN FRANCISCO, CA 94104

intended or implied by this Notice of Removal, and all defenses, rights and remedies are expressly reserved by Defendant.

## V. INTRADISTRICT ASSIGNMENT

21. Pursuant to 28 U.S.C. § 1446(a) and Eastern District Local Rule 3-2 (c) and (d), this action is properly assigned to the Fresno Division of the United States District Court for the Eastern District of California.

WHEREFORE, Defendant CARGILL MEAT SOLUTIONS CORPORATION hereby removes the above-entitled action now pending before the Superior Court of the State of California, County of Fresno to this Court.

Dated: January 26, 2021          COZEN O'CONNOR

By: /s/ Austin G. Dieter
Michele Ballard Miller
Austin G. Dieter
Attorneys for Defendant
CARGILL MEAT SOLUTIONS CORPORATION

COZEN O'CONNOR
101 MONTGOMERY ST, SUITE 1400
SAN FRANCISCO, CA 94104

8
**NOTICE OF REMOVAL OF ACTION FROM STATE COURT PURUSANT TO DIVERSITY JURISDICTION UNDER 28 U.S.C § 1441(b)**
**Case No:**